UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL ENGLISH,
        Plaintiff,

v.                       CA 11-378 ML

A.T. WALL, RI D.O.C., and
THE STATE OF RHODE ISLAND,
        Defendants.

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    Petitioner Michael English ("Petitioner" or "English") has filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Docket ("Dkt.") #1) and an Affidavit in Support of Request to Proceed in Forma Pauperis (Dkt. #2) ("Affidavit"). The Court treats the Affidavit as a motion for leave to proceed in forma pauperis ("Motion for Leave to Proceed in Forma Pauperis" or "Motion"). The Motion has been referred to this Magistrate Judge for determination. Because I conclude that the Motion should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).

**Facts**

On December 1, 2009, a justice of the state superior court found after a hearing that Petitioner had violated the conditions of his probation by not adhering to the terms of a no-contact order. State v. English, 21 A.3d 403, 406 (R.I. 2011). The hearing justice ordered Petitioner to serve five years of a previously imposed suspended sentence. Id. Petitioner appealed this judgment to the Rhode Island Supreme Court, but on June 24, 2011, the judgment was affirmed. Id. at 408.

In the instant Petition, English alleges four grounds for relief: (1) ineffective assistance of counsel, (2) due process violation based on the notice of the violation, (3) invalidity of the no-contact order,[1] and (4) the 2010 amendment of R.I. Gen. Laws § 12-19-18.[2] See Petition at 6-11. It does not appear that any of

---

[1] English identifies this ground as "Was the No-Contact Order Enforceable," Petition at 9, and states that he never signed the no-contact order, that the order had no arrest power, and that it was not a condition of his probation, id.

[2] In 2010, R.I. Gen. Laws § 12-19-18 was amended, and Petitioner alleges that his continued imprisonment violates § 12-19-18(b)(5):

> (b) Whenever any person, after an evidentiary hearing, has been sentenced to imprisonment for violation of a suspended sentence or probationary period by reason of the alleged commission of a felony or misdemeanor said sentence of imprisonment shall, on a motion made to the court on behalf of the person so sentenced, be quashed, and imprisonment shall be terminated when any of the following occur on the charge which was specifically alleged to have constituted the violation:
> 
> .....
> 
> (5) The charge fails to proceed in District or Superior

these grounds have been considered by the Rhode Island Supreme Court. See State v. English, 21 A.3d 403. That Court only decided that "the hearing justice acted neither arbitrarily nor capriciously when he determined that defendant violated the terms and conditions of his probation." Id. at 407.

**Law**

Before this Court may entertain a petition for habeas relief, a petitioner must fully exhaust his state remedies. See Wilkinson v. Dotson, 544 U.S. 74, 79, 125 S.Ct. 1242 (2005).

> The [Anti-terrorism and Effective Death Penalty Act of 1996] directs that habeas relief "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A).[3] This exhaustion requirement codified preexisting law. The Supreme Court has long maintained "that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after

---

> Court under circumstances where the state is indicating a lack of probable cause, or circumstances where the state or its agents believe there is doubt about the culpability of the accused.

R.I. Gen. Laws § 12-19-18(5) (2010).

[3] Section 2254(b)(1) states that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or
   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

3

> the state courts have had an opportunity to act. Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 279 (1982)(discussing Ex parte Royall, 117 U.S. 241, 251, 6 S.Ct. 734, 29 L.Ed. 868 (1886)). We have interpreted this imperative as requiring a habeas petitioner to "have presented both the factual and legal underpinnings of his claim to the state courts in order for us to find it exhausted." Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989). Moreover, we have made no bones about the fact that a failure to exhaust ordinarily is "fatal" to the prosecution of a habeas petition. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988).

Jackson v. Coalter, 337 F.3d 74, 85-86 (1st Cir. 2003). "[A] habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of []his federal claim." Id. at 86 (quoting Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997)). A claim is not considered exhausted if the petitioner has the right under the law of the state to raise, by any procedure available, the question presented. See 28 U.S.C. § 2254(c).[4] Thus, before seeking habeas relief in federal court, state prisoners "must 'invoke[] one complete round of the State's established appellate review process.'" Currie v. Matesanz, 281 F.3d 261, 267 (1st Cir. 2002) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999))(alteration in original); see also Kholi v. Wall, 582 F.3d

---

[4] According to § 2254(c):

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

4

147, 154 (1st Cir. 2009)("The exhaustion requirement gives state courts the initial opportunity to correct errors otherwise cognizable in federal habeas proceedings.").

**Discussion**

It is clear that English has not "invoke[d] one complete round of the State's established appellate review process," Currie, 281 F.3d at 267, with respect to the grounds alleged in the Petition. The Petition plainly states that he has not raised grounds one, two, and three in a direct appeal, post-conviction relief motion, or petition for habeas corpus in a state trial court. See Petition at 5, 7, 9-10. As to the fourth ground, English indicates that he filed a petition for habeas corpus in the state superior court, PM 2010-4217, but that he did not receive a hearing, apparently because his direct appeal of the five year sentence imposed in P1/1997-3055A was still pending in the state supreme court. See id. at 11. It appears from the Petition that this state habeas court petition was denied by the superior court on September 3, 2010. See id. English states that "you can not appeal a habeas corpus," id. at 12, but he cites no authority for this proposition. While it is, perhaps, understandable that the superior court might decline to entertain English's habeas corpus petition while his direct appeal was still pending in the state supreme court, that procedural hurdle has now been removed. The way is now clear for him to file an application for post-conviction relief in the

5

superior court pursuant to R.I. Gen. Laws § 10-9.1-1 raising the grounds for relief which he identifies in the instant Petition.[5] See State v. Brouillard, 745 A.2d 759, 768 n.4 (R.I. 2000)("Under G.L. 1956 § 10-9.1-1(a)(1), persons claiming that their criminal convictions were obtained 'in violation of the constitution of the United States or the constitution or laws of this state' may file applications for post-conviction relief.").

Indeed, the Rhode Island Supreme Court has made plain that the appropriate way of obtaining review of a claim of ineffective assistance of counsel is an application for post-conviction relief. Brouillard, 745 A.2d at 768 ("This Court repeatedly has held that it will not consider a claim of ineffectiveness of counsel that is raised for the first time on a direct appeal. Such matters must be pursued in an application for post-conviction relief pursuant to G.L. 1965 § 10-9.1-1."); see also State v. Grayhurst, 852 A.2d 491, 518-19 (R.I. 2004)("Because defendant raises his ineffective assistance of counsel claim for the first time on direct appeal ... he must pursue his claim through an application for post-conviction relief pursuant to G.L. 1956 § 10-9.1-1.").

In short, Plaintiff has yet to seek review by means of an

---

[5] To the extent that the state habeas corpus petition referenced by English may actually have been an application for post conviction relief pursuant to R.I. Gen. Laws § 10-9.1-1, his failure to seek review of the denial or dismissal of that petition by the state supreme court makes it impossible for him to claim that there has been "one complete round of the State's established appellate review," O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999), with respect to the claim(s) contained in that petition.

application for post-conviction relief in the state superior court for any of the claims which he alleges in the instant Petition. Therefore, he has not exhausted his state remedies.[6] Accordingly, the Motion should be denied and the Petition dismissed without prejudice to being renewed after English has presented these claims to the state court by means of an application for post-conviction relief pursuant to R.I. Gen. Laws § 10-9.1-1. I so recommend.

### Conclusion

Accordingly, for the reasons stated above, I recommend that Petitioner's Motion for Leave to Proceed in Forma Pauperis be

---

[6] For Petitioner's information, the Court quotes a recent First Circuit decision regarding exhaustion:

> To achieve exhaustion, "a habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997). Without suggesting that the enumeration is exclusive, we have identified at least five ways in which a habeas petitioner may satisfy the "fair presentment" requirement. These include reliance on a specific provision of the Constitution, substantive and conspicuous presentation of a federal constitutional claim, on-point citation to federal constitutional precedents, identification of a particular right specifically guaranteed by the Constitution, and assertion of a state-law claim that is functionally identical to a federal constitutional claim. Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994). "The appropriate focus ... centers on the *likelihood* that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours." Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989).

Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011).

denied and that the Petition be dismissed without prejudice to being renewed after Petitioner has exhausted his remedies in state court.[7] Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

---

[7] English should be aware that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations period for federal habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1); see also David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003)(noting this fact). The AEDPA's one-year limit runs from the time the state court judgment of conviction became final by conclusion of direct review or the expiration of the time for seeking it. David, 318 F.3d at 344. The Rhode Island Supreme Court denied English's direct appeal on June 24, 2011. State v. English, 21 A.3d 403 (R.I. 2011). Therefore the one-year limitation period during which he may seek habeas relief in this Court runs from ninety days after June 24, 2011, the expiration of the time for filing a petition for a writ of certiorari with the United States Supreme Court. See Wall v. Kohli, __ U.S. __, 131 S.Ct. 1278, 1282 (2011); Cordle v. Guarino, 428 F.3d 46, 48 (1st Cir. 2005)(stating that the state supreme court affirmed petitioner's convictions on March 11, 1992, and that "her convictions became final ninety days thereafter"). However, the AEDPA "expressly provides that the limitations period is tolled by a 'properly filed application for State post-conviction or other collateral review.'" Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010)(quoting 28 U.S.C. § 2244(d)(2)). Thus, if English acts with reasonable promptness, he should be able to file his application for post-conviction relief in the state court system and, if he is unsuccessful there, still have adequate time to seek habeas relief in this Court.

**/s/ David L. Martin**
DAVID L. MARTIN
United States Magistrate Judge
August 24, 2011